## STARNES & CO. versus PIERCE.

In actions against officers, for failure to return process at a particular day, the Courts are privileged to hear any matter of equity in excuse for the failure—And where the amount involved is under twenty dollars, such excuse may be shewn by the oath of the officer.

This action was brought before a Justice of the Peace, in the county of Jefferson, to recover of the defendant, the sum of seventeen dollars and eighty four cents. The defendant was a constable, and the cause of action, was, his failure to return process on an attachment, in favor of the plaintiffs. The Justice having rendered judgment in favor of the plaintiffs, the case was taken, by appeal, to the Circuit Court. The Court below, permitted the defendant to shew, by his own oath, that he had a sufficient excuse for his failure to return the process ; and the cause was reversed. The plaintiff, thereupon, took a writ of error.

ELLIS, for Plaintiff—Contended, that on failure to comply with the statute, the liability of the constable was fixed ; and if not so, still the excuse offered was no sufficient exculpation. The party should be held strictly responsible, according to law. He does not shew any excuse for the delay. He excuses himself because another attachment came to his hands on the same day ; and he could not make enough to satisfy both. The order of sale in question, was first received, though the other was on the same day ; and the oldest order should have been first complied with. At any rate, the order should have been returned in due time, according to law. The contention about which attachment should be first satisfied, was an additional reason for making due return, as there was a probability presented to him, that he would be made liable if he committed a failure.

PECK, *contra.*—This is, in fact, an action of debt against the constable, for not paying over money, and not properly a motion for failing to return the order of sale. There was no intentional wrong, and the Court very properly made an equitable adjustment of the matter. The Court heard all the circumstances on both sides, and decided in favor of the constable. The plaintiff only excepted to the right of the Court to go into the equitable circumstances, and not to the sufficiency of the excuse.

By Mr. Justice HITCHCOCK :

The plaintiffs in error, brought their action before a Justice of the Peace for Jefferson county, against the defendant, who was a constable, for failing to return an order of sale, on a judgment in favor of the plaintiffs, against one Shoffeit, on an attachment, and for failing to return the money made on said sale, to

.the magistrate who issued the order. The debt claimed, is seventeen dollars and eighty four cents. Judgment was rendered for the plaintiffs, by the magistrate ; from which there was an appeal to the Circuit Court of said county ; where the judgment was reversed, and the case is brought here by writ of error.

At the trial before the Circuit Court, a bill of exceptions was taken, which presents the matters relied on here, to sustain the writ of error. The sum being under twenty dollars, the case was tried by the Judge without pleadings or a jury.

The failure to return the order was proved by the magistrate. The Court determined to hear evidence going to show an excuse on the part of the constable, for failing to return the order, and for that purpose, permitted the constable to be sworn, and received his statement on oath. To the opinion of the Court, *determining to hear the circumstances of excuse, the plaintiff excepted.*

It is contended, that the Court erred,

1st. In determining to hear any evidence of an excuse ; and,

2d. In deciding that the matter of excuse was sufficient.

As to the first point, it has always been decided, that the Court has the power to hear any matter of equity, in excuse for an officer's not returning an execution, or any other process required to be returned at a particular day ; and when the party has failed to make his excuse at law, a bill in chancery has been allowed to enjoin a judgment obtained. The reasonableness of this decision is apparent ; and to say that an officer should be made liable, at all events, for every failure to return process at a particular day, without giving him any right to excuse his default, would be subversive of the first principles of justice.

There is, therefore, no error in the first assignment.

The second assignment is not presented by the bill of exceptions. The sufficiency of the excuse was not drawn in question, directly, by any thing therein contained, and this Court is not authorised to revise the decision of the Court upon that point. A bill of exceptions does not draw the whole matter into examination; but only the point to which it is taken; and the party must lay his finger on the points which arise, either in admitting or refusing evidence or matter of law, arising from a fact denied, in which he is overruled by the Court.[a] Here, the party was overruled in his exception to the power of the Court, to receive evidence of any excuse for failing to return the order of sale. But no question is raised as to the sufficiency of that evidence.

The judgment must, therefore, be affirmed.